Filed 4/2/13  Lim v. City of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KI HYUN LIM, | B238219 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC 437427) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court for the County of Los Angeles. Barbara M. Scheper, Judge.  Affirmed.

Reyes & Barsoum and Jorge Reyes for Plaintiff and Appellant.

Carmen A. Trutanich, City Attorney, and Brian I. Cheng, Deputy City Attorney, for Defendants and Respondents City of Los Angeles, Douglas Guthrie and Roberto Aldape.

_____

## SUMMARY

Plaintiff Ki Hyun Lim made renovations to a "four-plex" he and his sister owned, but did not comply with building codes or obtain a permit. When he received notices of violation from the housing authorities, he paid a Los Angeles city employee, defendant Eun Chavis, $11,000 to "resolve the subject property's code violations in a safe and legal way." He continued to receive citations and then hired a contractor recommended by Chavis, but the contractor did not do the work. Plaintiff filed a claim for damages under the Government Claims Act, the claim was denied, and plaintiff then sued the City of Los Angeles (hereafter the city), Chavis and others.

The city demurred to plaintiff's second amended complaint. The trial court sustained the city's demurrer without leave to amend and dismissed the complaint, observing among other things that plaintiff's government claim was not timely filed. We affirm the judgment of dismissal.

## FACTS

Plaintiff alleged the following facts relevant to this appeal.

Plaintiff and his sister acquired property in the city, a "four-plex," in 2003. They converted it into a boarding house, but did not comply with the city's building code.

Plaintiff's mother met defendant Chavis in December 2006. Chavis held herself out as a powerful employee of the Los Angeles Housing Department (hereafter housing department or LAHD) who could help plaintiff's mother if she ever encountered problems in dealing with the housing department.

In January 2007, plaintiff received a letter from the housing department saying the property was "not up to code due to code violations and that Plaintiff had made illegal, unpermitted modifications." Plaintiff's mother took the letter to Chavis and asked what plaintiff should do. Chavis said the violations needed to be fixed, and she could solve the problem if plaintiff "paid funds [to] EUN CHAVIS, who on behalf of the LAHD would collect the funds to correct the citations, pay for fines and penalties assessed against the Subject Property." Chavis represented she would help plaintiff "resolve the housing code violations according [to] the applicable code." Chavis also threatened plaintiff's mother

2

by telling her that plaintiff could go to jail or lose the property if the citations were not corrected. Plaintiff's mother "agreed to pay to the LAHD and issued a check to EUN CHAVIS [for] $5,000, on behalf of the LAHD."

"During the course of Chavis'[s] assistance," plaintiff did not want to continue paying Chavis because he kept receiving citations, but Chavis "threaten[ed] to make the LAHD code violation compliance process even more difficult" if plaintiff stopped paying. Chavis said plaintiff would be jailed and the property "would be taken away by LAHD if [plaintiff] stopped paying CHAVIS to complete the code violation compliance process." In all, plaintiff paid Chavis $11,000, some of which was paid, at Chavis's request, to her husband. "The LAHD code violations/citations were never 'corrected' and the Property continued to accrue violations."

In early 2008, Chavis told plaintiff the laws had changed and she "could no longer correct the citations." She told plaintiff that, to stem the tide of violation letters, plaintiff would have to retain an experienced contractor "that [Chavis] trusted and chose to help Plaintiff" in order to obtain permits and remedy the code violations. Chavis represented that Cheun Won Seung was an experienced, licensed contractor; so, in April 2008, plaintiff entered into a construction contract with Cheun. Work on the project took longer than promised and ended entirely in August 2008. Then, plaintiff found out Cheun was not licensed and, in October 2008, hired an attorney to demand that Cheun finish the project. Plaintiff asked Chavis to help convince Cheun to return to the project, but Chavis said she did not know Cheun that well, and plaintiff should have done his own research before choosing him as a contractor. Plaintiff then reported Chavis to the police.

Plaintiff was unable to complete reconstruction of the property, lost the rental income, could not pay the mortgage, and ultimately lost the property in a foreclosure sale, all because of Chavis's actions and inactions "in the course and scope of her official capacity on behalf of the LAHD, and employment with the [city]."

Plaintiff (along with his sister and his mother) filed a claim for damages with the city on September 30, 2009. The claim stated: "LAHD employee lead [*sic*]us to believe that the property compliance citations can be corrected for a fee. Also by saying that the

3

owner can go to jail or lose the property if citations are not corrected which forced us to do a construction through her. Construction never got finished and her contractor ran away with the fund[s]." The damage or injury occurred on "November 24, 2008 and July 29, 2009[,]" and the damage occurred "at the property . . . ." The act that caused the injury was "[u]sing the job title to commit an illegal act of collection [of] fees. Using the job title to force the property owner to start a construction a contractor she hired causing damages to person and property." The city employee causing the injury was "Los Angeles Housing Department Employee—Eun Chavis." Plaintiff claimed damages to his credit rating ($250,000), loss of construction fees ($150,000), loss of the property ($500,000), uncollected rents ($6,000 per month), and "fees paid to LAHD employee for citation corrections" ($11,000).

The city denied plaintiff's claim by letter dated November 12, 2009. Plaintiff filed this lawsuit on May 12, 2010.

In addition to the facts recited above, plaintiff alleged that "within 6 months after the accrual of the causes of action in this matter on or about July 29, 2009, Plaintiff timely filed a claim with [the city] on September 30, 2009." As to the city, plaintiff alleged claims for negligence, violation of Civil Code section 52.1 (interference with legal rights by threats, intimidation or coercion), negligent supervision and training, negligent hiring and retention, and negligent infliction of emotional distress.

The trial court sustained the city's demurrer to the second amended complaint without leave to amend, and ordered dismissal of the complaint. This appeal followed.

**DISCUSSION**

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its

4

discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*) Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action. (*Ibid.*)

The trial court did not err in sustaining defendants' demurrer without leave to amend because plaintiff failed to file a timely claim with the city.

In his appellate brief, plaintiff does not recite the facts alleged in his complaint, but tells us only this: that on November 24, 2008, he "suffered damage to his real property," and filed a claim under the Government Claims Act within one year (on September 30, 2009); and on July 29, 2009, he "suffered damage to his person, personal property and/or real property" and filed a claim (the same claim) within six months. Plaintiff argues that these allegations are sufficient for pleading purposes because the truth of the allegations is assumed.

Plaintiff is mistaken. Courts do not assume the truth of conclusory allegations of fact or law, much less conclusory allegations that are contradicted by the facts alleged in the complaint. No facts are alleged to show that plaintiff's claim accrued on July 29, 2009 (or on November 24, 2008). On the contrary, the facts plaintiff alleged show his claim had accrued by early 2008, when Chavis told him she "could no longer correct the citations"—or, at the very latest, by August 2008, when the unlicensed contractor Chavis allegedly chose stopped work entirely on plaintiff's property. The complaint alleges no improper action or omission of any kind by Chavis after she "chose" the contractor, with whom plaintiff entered a construction contract in April 2008. Consequently, a government claim filed on September 30, 2009, more than a year after Chavis's conduct occurred, was untimely. (See Gov. Code, § 911.2, subd. (a) [claim relating to a cause of action for injury to person or to personal property must be presented "not later than six months after the accrual of the cause of action"; a claim relating to any other cause of action must be presented "not later than one year after the accrual of the cause of action"].) Nor did plaintiff apply to file a late claim or petition the court for relief. (Gov. Code, §§ 911.4, 946.6.) Accordingly, any claim plaintiff may have had is barred for failure to present a timely claim to the city.

Plaintiff also argues the trial court abused its discretion by not allowing plaintiff to amend the complaint "to plead the facts necessary to state a timely compliance with the government tort claims requirement." But plaintiff does not suggest what facts he would allege if he were granted leave to amend, and it is his burden to do so. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

## DISPOSITION

The judgment is affirmed. The City of Los Angeles shall recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GRIMES, J.

WE CONCUR:



BIGELOW, P. J.



RUBIN, J.

6